■ BANK OF TOKYO-MITSUBISHI TRUST COMPANY, Respondent, v MEREDITH AVENUE ASSOCIATES et al., Appellants, et al., Defendants. [683 NYS2d 106] —In an action to foreclose a mortgage, the defendants Meredith Avenue Associates, Joseph Sauerhoff, and Henry Luwisch appeal from so much of an order of the Supreme Court, Richmond County (Leone, J.), entered July 15, 1997, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs, and, upon searching the record, summary judgment is granted to the plaintiff against the appellants dismissing their counterclaims.

In an action to foreclose a mortgage, a plaintiff establishes its right to summary judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default. It is then incumbent upon the defendants to raise a viable question of fact (*see, Village Bank v Wild Oaks Holding,* 196 AD2d 812). In the instant case, the plaintiff established its entitlement to judgment as a matter of law. The appellants do not dispute the fact of default, but raise numerous affirmative defenses and counterclaims which they claim relieve them of their default.

The appellants made unsubstantiated, conclusory allegations concerning, *inter alia,* the impropriety of the conduct of the plaintiff bank in first paying itself the interest owed it by the appellants, pursuant to the parties' agreements, from a collection account set up at the plaintiff, before disbursing funds to cover the expenses related to the maintenance of the mortgaged property. Upon our investigation of the record, we find that these allegations were insufficient to raise a triable issue of fact with respect to the foreclosure of the mortgage.

Upon correctly granting summary judgment to the plaintiff, the court severed the appellants' counterclaims. Upon searching the record, we grant the plaintiff summary judgment dismissing the appellants' counterclaims (*see, Merritt Hill Vineyard v Windy Hgts. Vineyard,* 61 NY2d 106; *Martin v Reedy,* 194 AD2d 255, 258), since, in opposing the plaintiff's motion, the appellants came forward with no evidence to substantiate their assertions of fraudulent misrepresentation,

breach of fiduciary duties, or other misconduct by the plaintiff. Copertino, J. P., Sullivan, Krausman and Florio, JJ., concur.