■ CHARTER ONE BANK, FSB, Respondent, v LEONARD W. HOUSTON et al., Appellants, et al., Defendant. [751 NYS2d 573] —In an action to foreclose a mortgage, the defendant Leonard W. Houston, appeals, as administrator of the estate of Louis Houston, Sr., and separately appeals, in his individual capacity, as limited by his respective briefs, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated November 13, 2001, as granted those branches of the plaintiff's motion which were for summary judgment and the appointment of a referee to compute.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose upon a mortgage pursuant to an adjustable mortgage loan agreement assumed by Louis Houston, Sr. By separate answers, both dated March 31, 2000, Leonard W. Houston, individually, who had acquired a one-half interest in the premises from Louis after Louis executed the assumption agreement, and Leonard W. Houston, as administrator of the estate of Louis Houston, Sr. (hereinafter collectively the appellants), interposed various affirmative defenses, and simultaneously served demands for a bill of particulars. By notice of motion dated October 9, 2001,

the plaintiff moved, inter alia, for summary judgment and the appointment of a referee on the ground that Louis Houston, Sr., defaulted on the mortgage and assumption agreement, and that no valid defense to the foreclosure action existed. In opposition, the appellants failed to present any evidence in support of the affirmative defenses interposed in their answers. They asserted, inter alia, that summary judgment was premature, because the plaintiff failed to serve a bill of particulars, and requested an order of preclusion. The Supreme Court granted the plaintiff's motion in all respects, and, inter alia, appointed a referee. We affirm.

Any party may move for summary judgment after issue has been joined (see CPLR 3212 [a]; Chakir v Dime Sav. Bank of N.Y., 234 AD2d 577). Issue was joined by service of the appellants' answers, and therefore summary judgment was not prematurely granted. The plaintiff established its entitlement to judgment as a matter of law by submitting the mortgage and assumption agreements, and the affidavit of the bank's vice-president establishing that Louis Houston, Sr., failed to comply with his obligations under the agreement (see Bank of Tokyo-Mitsubishi Trust Co. v Meredith Ave. Assoc., 256 AD2d 532). The burden then shifted to the appellants to lay bare their proof in opposition to the plaintiff's prima facie case (see Zuckerman v City of New York, 49 NY2d 557; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065). The appellants failed to submit any evidence tending to establish the merit of any of their affirmative defenses (see Bank of Tokyo-Mitsubishi Trust Co. v Meredith Ave. Assoc., supra).

The appellants' request for preclusion is unavailing. The appellants were not entitled to sanctions under CPLR 3126 without first moving to compel accompanied by an affirmation that they made a good faith effort to resolve the discovery dispute (see 22 NYCRR 202.7 [a]; Barnes v NYNEX, Inc., 274 AD2d 368; Kovacs v Castle Restoration & Constr., 262 AD2d 165), and showing that the plaintiff's failure to serve the bill of particulars was willful, contumacious, or in bad faith (see Castellano v Mainco El. & Elec. Corp., 292 AD2d 556). Moreover, the appellants' 18-month delay in seeking to compel the service of a bill of particulars was inexcusable (see Remark Elec. Corp. v Manshul Constr. Corp., 242 AD2d 694). Therefore, summary judgment was properly granted to the plaintiff. Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.