In an action to foreclose a mortgage, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated March 22, 2012, as granted those branches of the plaintiffs motion which were for summary judgment on the complaint and to strike the affirmative defenses in her answer.
Ordered that the order is affirmed insofar as appealed from, with costs.
In 2008, the appellant and nonparty Jeffrey Prince borrowed $1.3 million from the plaintiff and, as security for the note, gave a mortgage covering five parcels of real property in Brooklyn. Upon a default in the payment of the note, the plaintiff commenced an action against the appellant and Jeffrey Prince to foreclose the mortgage. After that action was discontinued insofar as asserted against the appellant without prejudice, the plaintiff commenced the instant action against the appellant alone. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint and to strike the affirma *733 tive defenses in the appellant’s answer. The appellant opposed the motion and cross-moved for summary judgment dismissing the complaint, arguing that she resided at one of the five mortgaged properties and that the plaintiff, among other things, failed to comply with the pleading requirements of RPAPL 1302 and the notice provisions contained in RPAPL 1303 and 1304, and violated the disclosure requirements of the Truth in Lending Act (15 USC § 1601 et seq.; hereinafter TILA). The Supreme Court granted the plaintiffs motion and denied the appellant’s cross motion, finding that the subject loan did not satisfy the statutory criteria of a “home loan” (RPAPL 1304 [5] [a]), and was instead a commercial or business loan, such that the statutory provisions and TILA were inapplicable. The appellant appeals from so much of the order as granted those branches of the plaintiffs motion which were for summary judgment on the complaint and to strike the affirmative defenses in her answer.
The plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931 [2013]; Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD3d 793 [2012]; Charter One Bank v Houston, 300 AD2d 429 [2002]), and by demonstrating that the affirmative defenses were without merit (see Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d at 932-933; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910 [2013]; RPAPL 1304 [5] [a]; Vita v New York Waste Servs., LLC, 34 AD3d 559 [2006]). Accordingly, the burden then shifted to the appellant to lay bare her proof in opposition to the plaintiff’s prima facie showing (see Zuckerman v City of New York, 49 NY2d 557 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]). Even when viewed in the light most favorable to the appellant, her submissions were insufficient to raise a triable issue of fact (see Cochran Inv. Co., Inc. v Jackson, 38 AD3d 704 [2007]; Charter One Bank v Houston, 300 AD2d at 430). Furthermore, the Supreme Court properly determined that RPAPL 1302, 1303 and 1304, the statutes governing pleading and notice requirements, and the disclosure requirements of TILA, were inapplicable to the instant action (see Horizons Invs. Corp. v Brecevich, 104 AD3d 475 [2013]; Pritchard v Curtis, 101 AD3d 1502, 1504 n 1 [2012]; Mauro v Countrywide Home Loans, Inc., 727 F Supp 2d 145, 155 [ED NY 2010]). Accordingly, the Supreme Court properly granted those branches of the plaintiffs motion which were for summary judgment on the complaint and to strike the affirmative defenses in the appellant’s answer. Skelos, J.P, Dillon, Hall and Roman, JJ., concur.