■ FAIRMONT CAPITAL, LLC, Respondent, v SALOMAO LANIADO, Appellant, et al., Defendants. [985 NYS2d 254]—

In an action to foreclose a mortgage, the defendant Salomao Laniado appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated June 13, 2012, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and for the appointment of a referee to compute the amount of money that is due to the plaintiff, and, in effect, to strike the affirmative defenses in his answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant and for the appointment of a referee to compute the amount of money that is due to it, and, in effect, to strike the affirmative defenses in the appellant's answer. The plaintiff established its prima facie entitlement to judgment as a matter of law by producing a mortgage, an unpaid note, and evidence of default (*see Mendel Group, Inc. v Prince*, 114 AD3d 732 [2014]; *Independence Bank v Valentine*, 113 AD3d 62, 64 [2013]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931 [2013]), and by demonstrating that the affirmative defenses were without merit (*see Mendel Group,*

*Inc. v Prince,* 114 AD3d 732 [2014]; *Deutsche Bank Natl. Trust Co. v Whalen,* 107 AD3d at 932-933). In opposition, the appellant failed to raise a triable issue of fact. The notice requirements of RPAPL 1304 were inapplicable to this action, since the subject loan did not satisfy the statutory definition of a "home loan," as that term was defined when this action was commenced (*see* L 2008, ch 472, § 2; *cf. Mendel Group, Inc. v Prince,* 114 AD3d 732 [2014]).

The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court. Dickerson, J.P., Hall, Roman and Cohen, JJ., concur.