In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated March 25, 2013, as denied that branch of its motion which was for summary judgment on the complaint.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs motion which was for summary judgment on the complaint is granted.
In September 2007, the defendant Kamini Persad obtained a home loan from the plaintiff, Emigrant Mortgage Company, Inc. (hereinafter EMCI), and executed a note and a mortgage. Within a year, Persad allegedly failed to make payments on the loan. In September 2009, EMCI commenced this action to foreclose the mortgage. In her answer, Persad contended that EMCI lacked standing to commence the action. Persad also contended that EMCI had failed to comply with the notice requirements of RPAPL 1304.
Two months after EMCI commenced the action, it assigned the mortgage and the note to Emigrant Savings Bank-Bronx/ Westchester (hereinafter ESB). EMCI eventually moved, inter alia, for summary judgment on the complaint and to amend the caption. The Supreme Court denied EMCI’s motion solely on the ground that EMCI had not established its standing at the commencement of the action. EMCI appeals from so much of the order as denied the branch of its motion which was for summary judgment.
When a plaintiffs standing to commence a foreclosure action is at issue, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Citimortgage, Inc. v Stosel, 89 AD3d 887, 888 [2011]; US Bank N.A. v Madero, 80 AD3d 751, 752 [2011]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753 *677 [2009]; cf. RPAPL 1302 [1] [a]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 108 [2011]). Here, EMCI established, prima facie, its standing at the commencement of the action by proof that it was the originator of the loan and was still the holder of the note and the mortgage when it commenced the action. The assignment of the note and mortgage several months later to ESB was thus irrelevant to EMCI’s standing at the commencement of the action (cf. HSBC Bank USA, N.A. v Calderon, 115 AD3d 708 [2014]).
EMCI also established, prima facie, that it strictly complied with the notice requirement of RPAPL 1304 that, at least 90 days before commencing a foreclosure action, a lender serve the defendant with a proper notice under the statute. In the version of RPAPL 1304 applicable when EMCI commenced this action (see L 2008, ch 472, § 2; cf. L 2009, ch 507, § 1-a), notice pursuant to RPAPL 1304 was required only with respect to “subprime,” “high-cost,” or “non-traditional” loans (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 104-105). Since EMCI failed to establish, prima facie, that the loan to Persad was not a “subprime,” “high-cost,” or “non-traditional” loan (cf. Mendel Group, Inc. v Prince, 114 AD3d 732, 733 [2014]), EMCI was required to establish, prima facie, inter alia, its “strict compliance” with the notice requirements of RPAPL 1304 (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106). EMCI satisfied that requirement by submitting proof of timely, proper service of a fully compliant RPAPL 1304 notice (cf. Mendel Group, Inc. v Prince, 114 AD3d at 733; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910 [2013]).
In opposition to EMCI’s prima facie showing, Persad failed to raise a triable issue of fact (see Mendel Group, Inc. v Prince, 114 AD3d at 733). She contends, among other things, that the RPAPL notice was improper because it was not “sent by the lender . . . in a separate envelope from any other mailing or notice” (RPAPL 1304 [2]). That contention is without merit. The requirement that the RPAPL 1304 (2) notice be sent in a separate envelope did not become effective until January 2010, several months after this action was commenced (see L 2009, ch 507, §§ 1-a, 25 [a]). Persad’s contention that she did not receive the RPAPL 1304 notice is likewise without merit. Persad’s simple denial of receipt was insufficient to rebut the presumption of proper mailing created by the affidavit of service (see *678 Grogg v South Rd. Assoc., L.P., 74 AD3d 1021, 1021-1022 [2010]).
Persad’s remaining contention, raised for the first time on appeal, is not properly before us (see HSBC Bank USA, N.A. v Calderon, 115 AD3d 708 [2014]).
Accordingly, the Supreme Court should have granted that branch of EMCI’s motion which was for summary judgment on the complaint (see Mendel Group, Inc. v Prince, 114 AD3d at 733).
In light of our determination, we need not address EMCI’s remaining contention.
Balkin, J.P, Dickerson, Roman and Miller, JJ., concur.