■ CITIMORTGAGE, INC., Respondent, v RANDOLPH SIMON, Also Known as RANDOLPH R.A. SIMON, et al., Appellants, et al., Defendants. [28 NYS3d 454]—

In an action to foreclose a mortgage, the defendants Randolph Simon, also known as Randolph R.A. Simon, and Ann Lucy Francis appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 19, 2013, as denied their cross motion for summary

judgment dismissing the complaint insofar as asserted against them, and (2) from an order of the same court dated May 6, 2015, which granted the plaintiff's renewed motion for summary judgment on the complaint and dismissing their affirmative defenses, and for an order of reference.

Ordered that the order dated December 19, 2013 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 6, 2015 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to foreclose a mortgage. The defendants Randolph Simon, also known as Randolph R.A. Simon, and Ann Lucy Francis (hereinafter together the borrowers) appeared and interposed an answer alleging, inter alia, that the plaintiff did not have standing to commence the action.

The plaintiff subsequently moved for summary judgment on the complaint and dismissing the borrowers' affirmative defenses, and for an order of reference. The borrowers opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them. The borrowers argued that the plaintiff lacked standing and that it failed to comply with the notice requirements of RPAPL 1304. In the first order appealed from, dated December 19, 2013, the Supreme Court denied the plaintiff's motion, with leave to renew, and denied the borrowers' cross motion.

The plaintiff thereafter renewed its motion for summary judgment on the complaint and dismissing the borrowers' affirmative defenses, and for an order of reference. The borrowers opposed the renewed motion. In the second order appealed from, dated May 6, 2015, the Supreme Court granted the plaintiff's renewed motion for summary judgment on the complaint and dismissing the borrowers' affirmative defenses, and for an order of reference.

"Where the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief" (*Bank of N.Y. Mellon v Green*, 132 AD3d 706, 707 [2015]; *see Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59 [2015]). "However, on a defendant's motion, the burden is on the defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (*Bank of N.Y. Mellon v Green*, 132 AD3d at 707; *see U.S. Bank N.A. v Guy*, 125 AD3d 845, 847 [2015]).

Here, the borrowers failed to demonstrate their prima facie

entitlement to judgment as a matter of law dismissing the complaint for lack of standing, since they failed to eliminate issues of fact as to whether the plaintiff had physical possession of the subject note at the time the action was commenced (*see Bank of N.Y. Mellon v Green*, 132 AD3d at 707; *U.S. Bank N.A. v Pia*, 73 AD3d 752, 753 [2010]; *see also Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 683 [2012]). The borrowers also failed to establish their prima facie entitlement to judgment as a matter of law on the ground that the plaintiff failed to comply with the notice provisions of RPAPL 1304. The borrowers failed to submit evidence to show that the subject loan was a "home loan" within the meaning of the RPAPL 1304 and therefore subject to the statutory notice requirements (RPAPL 1304 [5]; *see Richlew Real Estate Venture v Grant*, 131 AD3d 1223, 1224 [2015]; *US Bank N.A. v Caronna*, 92 AD3d 865, 866 [2012]). Accordingly, the Supreme Court properly denied the borrowers' cross motion for summary judgment dismissing the complaint insofar as asserted against them, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Contrary to the borrowers' contention, the Supreme Court properly granted the plaintiff's renewed motion for summary judgment on the complaint and dismissing their affirmative defenses, and for an order of reference. The plaintiff established its prima facie entitlement to judgment as a matter of law by producing copies of the unpaid note, the mortgage, and evidence of default (*see Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099 [2015]; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015]; *HSBC Bank, USA v Hagerman*, 130 AD3d 683, 683-684 [2015]). The plaintiff also established that it had standing to commence this action by submitting an affidavit of an individual employed by it as a business operations analyst, which established that the plaintiff had physical possession of the note prior to the commencement of this action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 359-360 [2015]; *Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1207 [2015]; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d at 1002; *HSBC Bank, USA v Hagerman*, 130 AD3d at 683-684). In addition, the plaintiff demonstrated that the subject loan was not a "home loan" within the meaning of RPAPL 1304, and that it was therefore not required to comply with the statutory notice provisions (RPAPL 1304 [5]; *see Fairmont Capital, LLC v Laniado*, 116 AD3d 998, 998-999 [2014]). In opposition to the plaintiff's prima facie showing, the borrowers failed to raise a triable issue of fact as to the merits of the action, the plaintiff's

standing, or the applicability of RPAPL 1304 (*see HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1207; *Fairmont Capital, LLC v Laniado*, 116 AD3d at 998-999; *Mendel Group, Inc. v Prince*, 114 AD3d 732, 733 [2014]). Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.