■ JP Morgan Chase Bank, National Association, Respondent, v Daniel Venture, Appellant, et al., Defendants. [48 NYS3d 824]—

Peters, P.J. Appeal from an order of the Supreme Court (Becker, J.), entered August 3, 2015 in Delaware County, which, among other things, granted plaintiff's motion for summary judgment.

On July 8, 2004, defendant Daniel Venture (hereinafter defendant) executed a promissory note in the original principal amount of $160,000 in favor of Mortgageit, Inc. The note was secured by a mortgage on real property located in the hamlet of Roscoe, Delaware County, executed by defendant in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Mortgageit. The mortgage was recorded in the Delaware County Clerk's office on July 15, 2004. MERS thereafter assigned the mortgage to plaintiff, which assignment was recorded on November 23, 2012 in the same Clerk's office.

Defendant failed to make the payment due on April 1, 2009 and thereafter failed to make payments to bring the loan current. On June 5, 2013, plaintiff commenced this mortgage foreclosure action. Defendant answered, asserting, among other things, the affirmative defenses of lack of standing and improper service of process, and interposed a counterclaim. Insofar as is relevant here, plaintiff subsequently moved for summary judgment and defendant cross-moved for dismissal of the complaint or, in the alternative, sought denial of plaintiff's

summary judgment motion. Supreme Court granted plaintiff's motion, and defendant appeals.

Plaintiff established its prima facie entitlement to summary judgment by submitting the mortgage and unpaid note, along with evidence of defendant's default (*see Nationstar Mtge., LLC v Alling*, 141 AD3d 916, 917-918 [2016]; *Bank of N.Y. Mellon v McClintock*, 138 AD3d 1372, 1373 [2016]; *Deutsche Bank Natl. Trust Co. v Monica*, 131 AD3d 737, 738 [2015]). However, because defendant raised the issue of standing in his answer, plaintiff was also required to prove its standing to be entitled to the relief sought in the complaint (*see Citibank, NA v Abrams*, 144 AD3d 1212, 1214 [2016]; *Wells Fargo Bank, N.A. v Walker*, 141 AD3d 986, 987 [2016]). "A plaintiff's standing is established in a mortgage foreclosure action 'where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced' " (*Everhome Mtge. Co. v Pettit*, 135 AD3d 1054, 1055 [2016], quoting *Chase Home Fin., LLC v Miciotta*, 101 AD3d 1307, 1307 [2012]; *see Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375, 1376 [2015]). " 'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident' " (*U.S. Bank N.A. v Carnivale*, 138 AD3d 1220, 1221 [2016], quoting *Onewest Bank, F.S.B. v Mazzone*, 130 AD3d 1399, 1400 [2015]).

Initially, we agree with defendant that plaintiff has not established standing as the assignee of the mortgage from MERS. Although the written assignment purports to assign both the mortgage and the note, it is settled that, "as 'nominee,' MERS's authority [is] limited to only those powers which were specifically conferred to it and authorized by the lender" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 281 [2011]), and plaintiff has failed to submit any proof establishing the authority of MERS to assign the note to it (*see Filan v Dellaria*, 144 AD3d 967, 970-971 [2016]; *Citibank, N.A. v Herman*, 125 AD3d 587, 588-589 [2015]; *Bank of N.Y. v Silverberg*, 86 AD3d at 281; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 109 [2011]; *see also Deutsche Bank Natl. Trust Co. v Monica*, 131 AD3d at 738; *Bank of Am., N.A. v Kyle*, 129 AD3d 1168, 1170 [2015]).

Plaintiff has, however, established its standing by demonstrating physical possession of the note at the time of the commencement of the action. Although the averments in the affidavit of merit were insufficient to establish delivery and possession of the note and the indorsement on the note an-

nexed to that affidavit was undated, plaintiff alleged in the complaint that it was the current holder of the note and attached a copy of the note thereto. This was sufficient to establish prima facie that plaintiff had standing (*see Deutsche Bank Natl. Trust Co. v Umeh*, 145 AD3d 497, 497 [2016]; *JPMorgan Chase Bank, N.A. v Roseman*, 137 AD3d 1222, 1223 [2016]; *Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151, 1152 [2015]; *cf. Bank of Am., N.A. v Kyle*, 129 AD3d at 1169-1170). As defendant failed to raise a triable issue of fact in opposition, Supreme Court properly granted plaintiff's summary judgment motion (*see Tirone v Buczek*, 142 AD3d 1310, 1311 [2016], *appeal and lv dismissed* 28 NY3d 1180 [Feb. 14, 2017]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]).

Supreme Court also properly denied defendant's cross motion insofar as it sought dismissal of the complaint. Defendant waived his affirmative defense of lack of personal jurisdiction on the basis of improper service of process, as he failed to move to dismiss the complaint on that ground within 60 days after serving his answer (*see* CPLR 3211 [e]; *Generation Mtge. Co. v Medina*, 138 AD3d 688, 689 [2016]; *HSBC Bank USA N.A. v Thomas*, 92 AD3d 531, 531 [2012]). This defense was likewise waived by defendant's assertion of a counterclaim unrelated to this action (*see Textile Tech. Exch. v Davis*, 81 NY2d 56, 58-59 [1993]; *GE Capital Mtge. Servs. v Mittelman*, 238 AD2d 471, 471 [1997]). In light of the foregoing, defendant also cannot challenge Supreme Court's grant of plaintiff's motion for an extension of time to serve defendant with process beyond the 120-day period provided for in CPLR 306-b, nunc pro tunc (*cf. Page v Marusich*, 30 AD3d 871, 872-873 [2006]).[1]

Finally, plaintiff was not required to comply with RPAPL 1304, which entitles the borrower to a pre-foreclosure form notice of default, because the loan in question was not a "home loan," given that the second home rider attached to the mortgage and defendant's own submissions established that the mortgaged property was not his primary residence (*see* RPAPL 1304 [6] [iii]; CPLR 3408 [a]; *Citimortgage, Inc. v Simon*, 137 AD3d 1190, 1192 [2016]; *Richlew Real Estate Venture v Grant*, 131 AD3d 1223, 1224 [2015]; *Wells Fargo*

---

1. We note that such challenge would nonetheless lack merit in view of, among other things, plaintiff's diligent attempts to locate and serve defendant and defendant's failure to show any prejudice by the delay in service (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]; *Emigrant Bank v Estate of Robinson*, 144 AD3d 1084, 1085-1086 [2016]).

*Bank, NA v Ostiguy*, 119 AD3d 1266, 1267 [2014]; *Fairmont Capital, LLC v Laniado*, 116 AD3d 998, 999 [2014]).[2]

Egan Jr., Rose, Devine and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.

 2. In any event, plaintiff established compliance with RPAPL 1304 by submitting a default notice that was sent to both the subject premises and defendant's primary residence and an affidavit by an employee who affirmed, based on his review of the business records pertaining to the loan, that the 90-day pre-foreclosure notice was sent to defendant by regular first class and certified mail, return receipt requested, to both addresses (*see Wells Fargo Bank, N.A. v Walker*, 141 AD3d at 989; *Flagstar Bank, FSB v Mendoza*, 139 AD3d 898, 900 [2016]).