Appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated September 10, 2015. The order, insofar as appealed from, granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant Ezekiel Akande and for an order of reference, and denied that defendant’s cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 Ezekiel Akande (hereinafter the defendant) executed a note dated May 18, 2006, in the sum of $541,800, which was secured by a mortgage on residential property located in Brooklyn. In October 2009, Bayview Loan Servicing, LLC (hereinafter the plaintiff), a successor in interest to the lender, commenced this action to foreclose the mortgage against the defendant, among others. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved, among others things, for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to demonstrate its compliance with RPAPL 1304. In an order dated September 10, 2015, the Supreme Court granted the plaintiff’s motion and denied the defendant’s cross motion. The defendant appeals.
 

 RPAPL 1304 provides that, “with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower” (RPAPL 1304 [1]). The statute sets forth the requirements for the content of such notice (see id.), and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower (see RPAPL 1304 [2]). “[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition” (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106 [2011]; see Citibank, N.A. v Wood, 150 AD3d 813, 814 [2017]; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860 [2016]; Flushing Sav. Bank v Latham, 139 AD3d 663, 665 [2016]; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911 [2013]).
 

 Here, the plaintiff’s submissions in support of its motion demonstrated, prima facie, that the subject loan was not a “home loan” within the meaning of RPAPL 1304, and that it was therefore not required to comply with the statutory notice provisions (see Citimortgage, Inc. v Simon, 137 AD3d 1190, 1192 [2016]; Fairmont Capital, LLC v Laniado, 116 AD3d 998, 998-999 [2014]; Mendel Group, Inc. v Prince, 114 AD3d 732, 733 [2014]). The plaintiff further established its prima facie entitlement to judgment as a matter of law by producing copies of the unpaid note, the mortgage, and evidence of the defendant’s default (see Citimortgage, Inc. v Simon, 137 AD3d at 1192; Fairmont Capital, LLC v Laniado, 116 AD3d at 998). In opposition to the plaintiff’s prima facie showing, the defendant failed to raise a triable issue of fact.
 

 The parties’ remaining contentions need not be reached in light of our determination.
 

 Accordingly, the Supreme Court properly granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and properly denied the defendant’s cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him.
 

 Rivera, J.R, Miller, Maltese and Connolly, JJ., concur.