Deutsche Bank Natl. Trust Co. v George (2021 NY Slip Op 00545)





Deutsche Bank Natl. Trust Co. v George


2021 NY Slip Op 00545


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-00683
 (Index No. 710517/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Howard George, appellant, et al, defendants. IM Law Group, P.C., Cedarhurst, NY (Igor Meystelman of counsel), for appellant.


Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Evelyn P. Flores of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Howard George appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered January 2, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Howard George, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"'Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242).
A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting copies of the mortgage agreement, the note, and evidence of the default of the defendant Howard George (hereinafter the defendant) in payment (see U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011). The plaintiff additionally established its standing to commence the action by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint [*2](see U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 532).
Contrary to the defendant's contention, the plaintiff demonstrated that the subject loan was not a "home loan" for the purposes of RPAPL 1304, and that it was therefore not required to comply with the notice requirements of the statute (see Vanderbilt Mtge. & Fin., Inc. v Ammon, 179 AD3d 1138; Citibank, N.A. v Crick, 176 AD3d 776, 778; Citimortgage, Inc. v Simon, 137 AD3d 1190, 1192-1193). Likewise, the plaintiff was not required to demonstrate its compliance with RPAPL 1306 (see B & H Florida Notes LLC v Ashkenazi, 149 AD3d 401, 402).
In opposition, the defendant, who waived the defense of lack of personal jurisdiction by failing to assert it in his answer or in a pre-answer motion to dismiss (see Ulster Sav. Bank v Fiore, 165 AD3d 734, 735; MidFirst Bank v Ajala, 146 AD3d 875, 875), failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference.
MASTRO, A.P.J., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court