## AJ Partners Lending, LLC v Chen & Jiang Enter. LLC

2024 NY Slip Op 34357(U)

December 13, 2024

Supreme Court, Kings County

Docket Number: Index No. 510437/2022

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP1 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse, at
360 Adams Street, Brooklyn, New York, on
the __13__ day of December, 2024.

**P R E S E N T**:

HON. CENCERIA P. EDWARDS, C.P.A.,
         Justice.

-----------------------------------------------------------------------X

AJ Partners Lending, LLC,

                    Plaintiff(s),

        -against-

Chen and Jiang Enterprise LLC, et al.,

                    Defendant(s).

-----------------------------------------------------------------------X

**ORDER**

Motion Cal. Date:    4/19/2023
Mot. Calendar #(s):   7

Index #:      510437/2022

Mot. Seq. #(s):     1

The following e-filed papers read herein:         NYSCEF Doc. Nos.:

Notice of Motion/Order to Show Cause/Petition/Cross-Motion and
Affidavits (Affirmations) and Exhibits _____     ___41-65_____
Opposing Affidavits (Affirmations) and Exhibits _____     ___66-72_____
Reply Affidavits (Affirmations) and Exhibits _____     ___73-74_____

In this action to foreclose on the Consolidation, Extension, Modification Agreement ("CEMA") mortgage encumbering residential real property located at 451 60th Street in Brooklyn, NY, it is alleged that defendant-borrower Chen and Jiang Enterprise LLC ("the LLC"), breached its obligations to pay the monthly installment payments beginning October 1, 2020. The LLC, along with defendants Yan Rong and Chen Nan Sheng Jiang (collectively, "Defendants"), jointly answered and raised certain defenses, including lack of standing (*see* NYSCEF Doc. #38)[1].

Plaintiff now moves, pursuant to CPLR 3212 and RPAPL 1321, for, *inter alia*, summary judgment, to strike Defendants' answer, for an order of reference ("ORef"), and to amend the caption. In support, Plaintiff submits, *inter alia*, the affidavit of its member, Gary Budoff, who attests to the accuracy and veracity of Plaintiff's business records, and that Plaintiff validly

---

[1] The individual defendants allegedly executed a loan guaranty on the consolidated mortgage in favor of Plaintiff.

1

assigned the consolidated note to Webster Business Credit Corporation ("Webster"), by collateral assignment dated June 1, 2020, and Webster re-assigned the note to Plaintiff by assignment dated March 10, 2022, demonstrating Plaintiff's standing to bring this action on April 8, 2022 (*see* NYSCEF Doc. #44, ¶¶ 2 and 9). Mr. Budoff explains that during the assignment period to Webster, from June 1, 2020 to March 10, 2022, Plaintiff retained servicer-ship of the loan (*see id.*, ¶9). In opposition, Defendants argue that Plaintiff failed to submit sufficient admissible evidence establishing both its standing and the payment default, because it did not lay a sufficient foundation under CPLR 4518 (a) for the introduction of the business records upon which it has relied.

## SUMMARY JUDGMENT STANDARD

Summary judgment is a drastic remedy that will be granted only if the movant has demonstrated, through submission of evidence in admissible form, the absence of any material issues of fact (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]), and has affirmatively established the merit of his or her cause of action or defense (*see Zuckerman v New York*, 49 NY2d 557, 562 [1980]). A failure to make a *prima facie* showing of entitlement to judgment as a matter of law "requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). If a movant makes the *prima facie* showing, the burden then shifts to the non-movant to raise a material issue of fact requiring a trial (*see id.*). Courts must view the evidence in the light most favorable to the non-movant (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931, 932 [2007]), and draw all reasonable inferences in his or her favor (*see Haymon v Pettit*, 9 NY3d 324, 327, n* [2007]). When moving for summary judgment on the complaint and to strike a defendant's defenses, the plaintiff's *prima facie* burden includes demonstrating that the defenses lack merit as a matter of law (*see Fairmont Capital, LLC v Laniado*, 116 AD3d 998, 998-999 [2d Dept 2014]; *Mendel Group, Inc. v Prince*, 114 AD3d 732, 733 [2d Dept 2014]).

## STANDING

The Court must first address whether Plaintiff had standing to commence this action. "Where [] the issue of standing is raised by a defendant, a plaintiff must prove its standing in order

2

[* 2]

to be entitled to relief" (*Bank of New York v Silverberg*, 86 AD3d 274, 279 [2d Dept 2011]). Additionally,

> "A plaintiff establishes its standing foreclosure action by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note. Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*M&T v Barter*, 186 A.D.3d 698, 700 [2d Dept 2020] [internal quotation marks and citations omitted]).

"A 'holder' is 'the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession'" (*Bayview Loan Servicing, LLC v Kelly*, 166 AD3d 843, 845-46 [2d Dept 2018], quoting UCC §1-201 [b] [21] [A]). "Where an instrument is endorsed in blank, it may be negotiated by delivery" (*id.*, citing UCC §§ 3-202 [1] and 3-204 [2]). "The attachment of an endorsed note to the complaint in a foreclosure action is sufficient to demonstrate, prima facie, that the plaintiff was the holder of the note when the action was commenced" (*Deutsche Bank Natl. Trust Co. v Murray*, 176 AD3d 1172, 1174 [2d Dept 2019]).

In challenging Plaintiff's standing, Defendants argue, "[t]he Budoff Affidavit contains conclusory statements regarding the plaintiff's possession of the note, and did not give any factual details of a physical delivery and, thus, failed to establish that the plaintiff had physical possession of the note prior to commencing the action." (NYSCEF Doc. #66, ¶ 25). They further argue that "[i]t is unknown if Webster was the holder of the note and mortgage at the time of default" (*see* NYSCEF Doc. #66, ¶27). However, "where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (*Murray*, 176 AD3d at 1174). The record shows that Plaintiff commenced this action on April 8, 2022, by filing a summons and complaint which included a copy of the consolidated note containing a March 10, 2022 allonge from then-noteholder Webster, specifically identifying said note and endorsing it to Plaintiff (*see* NYSCEF Doc. #7 [Exhibit "F" to Complaint]). This constitutes *prima facie* evidence of Plaintiff's standing to commence this action (*see Murray*, 176 AD3d at 1174). Moreover, since a written assignment of the note is sufficient to establish standing (*see M&T v Barter*, 186 AD3d at 700), Webster's March 10, 2022 assignment to Plaintiff of the consolidated mortgage "together with the unpaid note or bond secured thereby" (*see* NYSCEF Doc. #12 [Exhibit "K" to Complaint], p.2), and Webster's allonge of the same date, endorsing the consolidated note to Plaintiff, render Defendants' focus on physical possession of

3

the note irrelevant.  Since Defendants have failed to raise a triable issue of fact in response to Plaintiff's *prima facie* showing of its standing to commence this action, Plaintiff is entitled to have the standing defense stricken from Defendants' answer.

### PLAINTIFF'S FORECLOSURE CAUSE OF ACTION

The Court finds, nonetheless, that Plaintiff did not satisfy its burden as the proponent of summary judgment.  "To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default" (*CitiMortgage, Inc. v McKenzie*, 161 AD3d 1040, 1040-1041 [2d Dept 2018]; *see also Yildiz v Vural Management*, 61 AD3d 970, 970 [2d Dept 2009]).

On this motion, Plaintiff attempts to establish the LLC's default under the terms of the CEMA, and the individual guarantor defendants' failure to cure same, through submission of business records and an affidavit from Plaintiff's member, Gary Budoff.  As mentioned, Defendants challenge the admissibility and substantive sufficiency of those records.  "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (*Autovest v Cassamajor*, 195 AD3d 672, 673 [2d Dept 2021]).  "Evidence of the contents of business records is admissible only where the records themselves are introduced. Without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay" (*Fed. Natl. Mtge. Assn. v Brottman*, 173 AD3d 1139, 1141 [2d Dept 2019]).  In his affidavit, Mr. Budoff states:

> "The defendant(s) breached the obligation with the plaintiff by failing to pay the sum of $12,420.14 which became due and payable on October 1, 2020 and by failing or omitting to pay a like sum each and every month thereafter and by failing to repay the matured principal balance of $1,050,000.00, which became due and payable on July 1, 2021, plus all late charges, legal fees and advances made in order to protect the plaintiff's security interest in the subject premises" (NYSCEF Doc. #44, ¶10).

As evidence of the default, Mr. Budoff, directs the Court to "business records regarding outstanding balances attached as Exhibit 'O'" (*see id.*).

Exhibit "O" to Plaintiff's motion is a seemingly undated one-page document which indicates that the LLC's account is in "Default Status" and purports to reflect "Account Activity" for the period of July 15, 2022 through August 15, 2022 (*see* NYSCEF Doc. #60).  The document

[* 4]

further provides a Total Loan Balance of $1,615,873.76 as of August 15, 2022, and indicates that a total monthly payment of $502,873.76 is owed on September 1, 2022. Confusingly, on the right side of the document appears, under a bolded heading "Monthly Payment Owed On: 9/1/2022," a vertical list with 26 entries, most for monthly payments in the identical amount of $21,291.67. The first 14 entries, each labeled by a specific month, followed by the word, "interest," date backwards from September to January and then from December to August, *i.e.*, "September interest," "August interest," "July interest," etc. Each of the next 10 entries is also labeled by a specific month going backwards, this time from July to January and then from December to October. However, for these 10 entries, the word "Owed" is inserted at the beginning, *i.e.*, "Owed July interest," "Owed June interest," "Owed May interest," etc. The last of this set of 10 entries, labeled "Owed October interest," provides an amount of $12,420.14, in contrast to the identical $21,291.67 amount provided for each of the 23 preceding entries. The 25th entry, labeled "Late Fees (Oct)," provides an amount of $745.21. The 26th and final entry, labeled "Total Payment Due," provides an amount of $502,873.76, which is also listed as the arrearage under the itemized listing of the amounts comprising the total balance at the top of the document. The bottom of the document reiterates that this $502,873.76 amount is due on September 1, 2022.

The Court describes the contest of Exhibit "O" in such detail to illustrate that the document is so confusing on its face such that it cannot be accepted as proof of the ongoing default that Plaintiff alleges commenced on October 1, 2020. For example, while Exhibit "O" lists 24 entries of purportedly outstanding monthly payments, it does not provide a year for any of those months, some of which appear more than once. Nor does the document explain the significance of the omission of the word "Owed" from the labels for the first 14 entries, as contrasted with its use in the next 10 entries. It is also unclear why the first 23 entries provide an identical amount owed, but the 24th entry lists a much smaller amount. It is not this Court's responsibility to attempt to decipher how Plaintiff organizes and presents data in records such as this.

The entirety of Mr. Budoff's discussion of Exhibit "O" is set forth in the 10th paragraph of his affidavit, reproduced in full earlier in this Decision and Order. Nowhere in that paragraph does Mr. Budoff explain any of the discrepancies identified above. Most important, while Mr. Budoff avers that Defendants' default includes their purported failure to repay a matured principal balance of $1,050,000.00 that became due on July 1, 2021, Exhibit "O" states that the amount due to Plaintiff by September 1, 2022 was only $502,873.76. Mr. Budoff's affidavit, executed just six

5

[* 5]

days after that due date, is silent regarding this large discrepancy. It is also noted that there is no indication in Exhibit "O" that a payment anywhere near as large as the matured principal balance was due at any prior time. As the lone business record relied upon to establish the alleged default partially contradicts Plaintiff's allegations and is otherwise confusing and left unexplained, the Court finds that Plaintiff has not made a sufficient *prima facie* showing.

Plaintiff's failure to satisfy its *prima facie* burden as the proponent of summary judgment, requires denial of the motion regardless of the sufficiency of Defendants' opposing papers (*see Alvarez*, 68 NY2d at 324). Moreover, because a plaintiff moving for summary judgment on the complaint bears the additional burden to demonstrate that a defendant's defenses lack merit as a matter of law (*see Fairmont Capital, LLC v Laniado*, 116 AD3d at 998-999; *Mendel Group, Inc. v Prince*, 114 AD3d at 733), Plaintiff's failure to make its *prima facie* showing on its cause of action obviates the need for the Court to proceed to consider Plaintiff's arguments regarding Defendants' additional defenses.

### AMENDING THE CAPTION

Plaintiff additionally moves to amend the caption to replace the defendants designated therein as John Doe with the following persons who were served at the subject premises and subsequently identified as tenants or occupants: "JOHN DOE" and "JANE DOE" to MS. "JANE" WENG, MR. "JOHN" ZHU and DONG JIENG. This branch of the motion is granted, and the caption shall be amended to the extent indicated below.

### CONCLUSION

For the reasons articulated herein, the above-referenced motion by Plaintiff for, *inter alia*, summary judgment on the complaint and an order of reference, is **GRANTED solely to the extent** that it is:

**ORDERED** that the defense of standing is stricken from the Answer of defendants Chen and Jiang Enterprise LLC, Nan Sheng Jiang, Yan Rong Chen; and it is further

6

**ORDERED** that the Clerk is directed to amend the caption to read as follows:

---------------------------------------------------------------------X

AJ Partners Lending LLC,

Plaintiff(s),

-against-

Chen and Jiang Enterprise LLC, Nan Sheng Jiang, Yan
Rong Chen, Internal Revenue Services, Global Factors
LLC, Bank of America, NYC Office of Administrative
Trials And Hearings (Formerly ECB), Parking Violations
Bureau of New York City, John Zhu, Jane Weng, and Dong
Jieng,

Defendant(s).

---------------------------------------------------------------------X

The foregoing constitutes the Decision and Order of this Court.

**E N T E R:**

**Dated**: December 13 , 2024

_____

**Hon. Cenceria P. Edwards, JSC, CPA**

7

[* 7]