■ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Respondent, v NEW YORK FINANCIAL & MORTGAGE CO., INC., Appellant, JUANITA HOLLIS et al., Respondents, CHEMICAL BANK et al., Defendants, and NURRIDDIN MUHAMMAD, Intervenor-Respondent. [636 NYS2d 105] —In an action to foreclose a mortgage, the defendant New York Financial & Mortgage Co., Inc., appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated October 12, 1993, which denied its motion to set aside a foreclosure sale.

Ordered that the order is affirmed, with costs.

In the exercise of its equitable powers, a court has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale (*see, Long Is. Sav. Bank v Valiquette*, 183 AD2d 877; *see also, Guardian Loan Co. v Early*, 47 NY2d 515, 520-521).

Here, the unilateral mistake of the appellant's counsel as to the location of the foreclosure sale, while unfortunate, does not provide a sufficient basis for invalidating the sale (*see, Crossland Mtge. Corp. v Frankel*, 192 AD2d 571; *Long Is. Sav. Bank v·Valiquette, supra*). The appellant's counsel was served with the Referee's notice of sale, which contained the street address of the courthouse where the sale was to be held, and there is

no dispute that the sale was conducted in accordance with lawful procedure.

In addition, the Supreme Court properly determined that the purchaser of the property at the foreclosure sale was an indispensable party to the appellant's application to set aside the sale (*see, Vanderbilt Realty Corp. v Gordon*, 134 AD2d 586). Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.