■ STATE STREET BANK & TRUST CO., Respondent, v EDWARD CALANDRO, Appellant. [665 NYS2d 305] —In a mortgage foreclosure action, the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 2, 1996, which granted the plaintiff's motion to confirm the Referee's report of sale and denied his cross motion, *inter alia*, to stay confirmation of the report on the grounds, among others, that the Referee erroneously awarded the plaintiff certain costs, fees, and expenses from the proceeds of the sale, and that the plaintiff failed to join a necessary party.

Ordered that the order is affirmed, with costs.

In September 1994 a judgment of foreclosure was rendered against the defendant and in favor of the plaintiff in the sum of $293,942.19. In April 1996 after numerous proceedings, a court-appointed Referee sold the mortgaged property at a foreclosure sale for $355,000. The Referee's report of sale recommended that the entire sale proceeds be awarded to the plaintiff to satisfy the judgment of foreclosure and as payment for additional accrued interest and costs incurred by the plaintiff. Thereafter, the plaintiff moved to confirm the Referee's report. The defendant cross-moved to stay confirmation alleging, *inter alia*, that he was entitled to the "surplus". The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. We now affirm.

The Supreme Court did not err in confirming the Referee's report which recommended awarding the plaintiff the amount of the judgment plus interest and costs, including, *inter alia*, the cost of the foreclosure sale and carrying charges (see, RPAPL 1354; *Emery v Fishmarket Inn*, 173 AD2d 765; *Pregno Agency v Letterese*, 112 AD2d 1032, 1033).

The defendant's wife was not named on the mortgage note and was, therefore, not a necessary party to this action (see, *Arbor Natl. Mtge. v Goldsmith*, 154 Misc 2d 853; RPAPL 1311; Real Property Law § 190). Thus, the plaintiff's failure to

properly serve her would not warrant vacatur of the notice of pendency (*see, Slutsky v Blooming Grove Inn,* 147 AD2d 208; *Dashew v Cantor,* 85 AD2d 619; RPAPL 1331).

The defendant's remaining contentions are without merit. Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.