*875 OPINION OF THE COURT
Elaine Slobod, J.
Defendants Kola N. Dusevic and Linda Dusevic, pro se, move to set aside the foreclosure sale of premises located at 42 Spank-town Road, Warwick, New York. Said sale was held on June 22,1998 pursuant to a judgment of foreclosure and sale entered on November 1, 1996. Defendants contend that the sale was held in violation of an automatic stay imposed by the Bankruptcy Code (11 USC) upon their filing of a voluntary chapter 13 petition in bankruptcy on June 17, 1998.
While a court has the discretion to set aside a judicial sale where fraud, collusion, mistake or misconduct casts suspicion on the fairness of the sale (Federal Natl. Mtge. Assn. v New York Fin. & Mtge. Co., 222 AD2d 647; Glenville & 110 Corp. v Tortora, 137 AD2d 654, lv denied 72 NY2d 806), no evidence of any of these factors has been presented here. The Referee was advised of the bankruptcy filings, the Dusevics were notified of the sale, and Mr. Dusevic was advised that the sale would go forward despite the filings. In addition, the court finds that there was no stay in effect as to the premises.
On February 18, 1998, Kola Dusevic filed a chapter 11 bankruptcy petition. This petition was the debtor’s third bankruptcy petition in a period of 13 months and was filed only 41 days after his last case was dismissed. In that chapter 11 case, the Bankruptcy Judge, the Honorable Jeremiah E. Berk, granted Security Pacific National Trust Company’s motion to vacate the automatic stay created when the bankruptcy petition was filed. By order dated April 6, 1998, Judge Berk terminated the automatic stay as to Security Pacific’s lien interest in the subject property, and directed Security Pacific to account to the estate for any surplus proceeds realized after the sale of the property. The chapter 11 case was eventually converted to a chapter 7 case on April 23, 1998. Since the automatic stay was lifted as to Security Pacific, the foreclosure sale was able to go forward and was rescheduled for May 27, 1998.
Prior to the sale, Mr. Dusevic filed another chapter 13 petition on May 26, 1998 and, on June 17, 1998, withdrew that case and filed a joint chapter 13 petition with his wife, Linda Dusevic. The foreclosure sale, which had been scheduled for the fifth time, was held on June 22, 1998. The Dusevics claim that the foreclosure sale was held in violation of the automatic stay created by their most recent bankruptcy filing.
Upon the filing of a petition in bankruptcy, a bankruptcy estate is created which comprises, with certain exceptions, all *876 legal and equitable interests of the debtor in property as of the commencement of the case (11 USC § 541 [a] [1]). The trustee in bankruptcy has full authority over the estate property when the case is filed, and the property leaves the estate only if the trustee formally abandons it or if the case is closed (Vreugdenhil v Hoekstra, 773 F2d 213 [where the debtor filed a chapter 11 case that was converted to chapter 7]).
In the instant case, the property of Mr. Dusevic became property of the chapter 7 case upon the filing of the petition, and the trustee of the chapter 7 case has neither abandoned the property nor has the case been closed. Although the stay was lifted for the sale, Judge Berk’s order specifically provided that any surplus was to be reported to the chapter 7 trustee, making it clear that the property is still the property of the chapter 7 estate.
Further, the property cannot become part of any new estate while it is in the current estate. A debtor possesses only one estate for purposes of trusteeship (Associates Fin. Servs. Corp. v Cowen, 29 Bankr 888). Thus, where a debtor files for chapter 7 relief and then files for protection under chapter 13 before receiving a discharge in the original chapter 7 case, that chapter 13 case is a nullity because the filing of simultaneous petitions is “ ‘contrary to the obvious contemplated function of the Bankruptcy Code to resolve a debtor’s financial affairs by administration of a debtor’s property as a single estate under a single chapter within the code’ ” (In re Turner, 207 Bankr 373, 378, quoting Associates Fin. Servs. Corp. v Cowen, supra, at 894). Moreover, the existence of multiple cases, as in the instant case, may indicate an exploitation of the bankruptcy process and an attempt to reimpose the automatic stay after it has been previously lifted (In re Turner, supra).
Accordingly, while there may have been an automatic stay with regard to the property of the chapter 13 estate, there was no stay as to the Spanktown Road property as that property was still part of the chapter 7 case. Since the automatic stay was lifted as to Security Pacific with regard to that property in the chapter 7 case, the foreclosure sale properly went forward.
Nor did the filing of a chapter 13 bankruptcy petition by Linda Dusevic create an automatic stay with respect to the subject property as she has no interest in the property. In general, the question of whether a debtor has an interest in real property is determined by applicable State law (In re Rerisi, 172 Bankr 525). A spouse not in title and not named on the mortgage note does not have an interest that makes the spouse *877 a necessary party to the mortgage foreclosure action (State St. Bank & Trust Co. v Calandro, 243 AD2d 705, appeal dismissed 91 NY2d 920; Arbor Natl. Mtge. v Goldsmith, 154 Misc 2d 853).
Here, Linda Dusevic does not own the premises that she claims to be the property of the estate. The title search completed at the time of the filing of the notice of pendency in this case shows that title to the property rested solely in Kola Dusevic, that Linda Dusevic was not a mortgagor of Security Pacific, and that the tax roll shows the property to be owned solely by Kola Dusevic. Further, although no conveyance to his wife of any interest in the premises has been alleged, any such conveyance subsequent to the filing of the notice of pendency would not be valid pursuant to the terms of the judgment of foreclosure and sale (see, SRF Bldrs. Capital Corp. v Ventura, 224 AD2d 678).
Inasmuch as defendants’ most recent joint chapter 13 filings were ineffective to impose an automatic stay with respect to the subject premises, the instant motion to set aside the foreclosure sale must be denied.