■ HOME FEDERAL SAVINGS BANK, Respondent, v ALFRED VERSACE et al., Respondents. RONALD DESTEFANO et al., Intervenors-Appellants. [709 NYS2d 409] —In an action to foreclose a mortgage, the intervenors Ronald DeStefano and Gina M. DeStefano appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.),

dated May 10, 1999, as denied that branch of their cross motion which was to vacate an order of the same court dated December 1, 1998, granting the motion of the defendant Alfred Versace to vacate the foreclosure sale upon the plaintiff's default in opposing the motion.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the cross motion which was to vacate the order dated December 1, 1998, is granted, the order dated December 1, 1998, is vacated, and the motion to vacate the foreclosure sale is denied.

The plaintiff purchased the subject property at a foreclosure sale, and conveyed it to the appellants, whose deed to the property was recorded. Thereafter, the mortgagor, the defendant Alfred Versace, moved to vacate the foreclosure sale pursuant to RPAPL 231 (6). Although his motion papers acknowledged that the plaintiff had sold the property to a new owner, he did not name or serve the appellants. Versace's motion was granted upon the plaintiff's default in opposing the motion. At the time of Versace's motion, the one-year Statute of Limitations for moving to vacate the foreclosure sale had expired (*see,* RPAPL 231 [6]).

The motion to vacate the foreclosure sale should have been denied for failure to name and serve the appellants, who were the fee owners of the subject property and therefore indispensable parties at the time the motion was made (*see, Federal Natl. Mtge. Assn. v New York Fin. & Mtge. Co.,* 222 AD2d 647; *Vanderbilt Realty Corp. v Gordon,* 134 AD2d 586). In any event, since the applicable one-year Statute of Limitations (*see,* RPAPL 231 [6]), had expired, the motion to vacate the foreclosure sale should also have been denied for that reason (*see, Nixon v Barrow,* 239 AD2d 326; *see also, Matter of O'Connell v Zoning Bd. of Appeals,* 267 AD2d 742). Joy, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.