■ NORWEST BANK MINNESOTA et al., Respondents, v LINDA PITTMAN-HUDSON, Also Known as LINDA PITTMAN, Also Known as LINDA HUDSON, Appellant, et al., Defendants. SCARISON RENTAL PROPERTIES, LLC, Nonparty Respondent. [790 NYS2d 69]—

In an action to foreclose a mortgage, the defendant Linda Pittman-Hudson, also known as Linda Pittman, also known as Linda Hudson, appeals from an order of the Supreme Court, Nassau County (Galasso, J.), dated March 16, 2004, which

granted the motion of Scarison Rental Properties, LLC, to confirm the foreclosure sale and direct the referee to deliver a deed to the premises to it upon payment of the purchase price. The appeal brings up for review so much of an order of the same court dated May 11, 2004, as, upon reargument, adhered to the original determination (see CPLR 5517 [b]).

Ordered that the appeal from the order dated March 16, 2004, is dismissed, as that order was superseded by the order dated May 11, 2004, made upon reargument; and it is further,

Ordered that the order dated May 11, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the nonparty respondent.

The successful bidder at the foreclosure sale, the nonparty respondent, Scarison Rental Properties, LLC, correctly contends that the bankruptcy filing by David Hudson, the husband of the appellant, did not operate to stay the foreclosure sale. The appellant was the mortgagor and title owner of the subject property. It is undisputed that David Hudson was not listed as an owner on the title to the property, did not sign the mortgage note, and was not a defendant or a necessary party in the mortgage foreclosure action.

Therefore, the foreclosure sale was not conducted in violation of a bankruptcy stay, and the Supreme Court properly confirmed the sale and directed the referee to consummate it with the successful bidder (see Chase Manhattan Mtge. Corp. v Nieves, 5 Misc 3d 1001[A], 2004 NY Slip Op 51141[U] [2004]; Arbor Natl. Mtge. v Goldsmith, 154 Misc 2d 853 [1992]).

The appellant's remaining contentions are without merit. Goldstein, J.P., Luciano, Crane and Spolzino, JJ., concur.