■ J.P. Morgan Chase Bank, N.A., Respondent, v Thecla F. Coleman, Also Known as Thecla Coleman, Appellant. [989 NYS2d 380]—

In an action to foreclose a mortgage, the defendant Thecla F. Coleman, also known as Thecla Coleman, appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated March 1, 2012, which denied her motion pursuant to CPLR 3211 (a), in effect, to dismiss the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

On January 23, 2008, the plaintiff loaned the sum of $300,000 to the defendant Thecla F. Coleman, also known as Thecla Coleman (hereinafter the appellant). The loan was evidenced by a note entitled "InterestFirst Note" and secured by a mortgage encumbering real property located in Brooklyn. In May 2011, the plaintiff commenced this action against the appellant and "John Doe #1 through John Doe #10." In January 2012, the appellant moved pursuant to CPLR 3211 (a), in effect, to dismiss the complaint insofar as asserted against her. The Supreme Court denied the motion.

The Supreme Court properly denied the appellant's motion pursuant to CPLR 3211 (a), in effect, to dismiss the complaint insofar as asserted against her. Contrary to the appellant's contention, she failed to demonstrate, as a matter of law, that she was entitled to the dismissal of the complaint insofar as asserted against her on the ground that the plaintiff lacked standing (see HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061, 1062 [2011]; GECMC 2007-C1 Ditmars Lodging, LLC v Mohola, LLC, 84 AD3d 1311, 1312 [2011]). Contrary to the appellant's further contention, her husband, who did not sign the note and who is not a titled owner of the subject property, is not a necessary party to this action (see Norwest Bank Minn. v Pittman-Hudson, 15 AD3d 460 [2005]; State St. Bank & Trust Co. v Calandro, 243 AD2d 705 [1997]).

The appellant's remaining contentions are either without merit or improperly raised for the first time on appeal. Dillon, J.P., Chambers, Hall and Maltese, JJ., concur.