■ RICHLEW REAL ESTATE VENTURE, Appellant, v LEONARD G. GRANT, Respondent, et al., Defendants. [17 NYS3d 475]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated May 6, 2014, which granted the motion of the defendant Leonard G. Grant, inter alia, in effect, to vacate a decision of the same court dated November 4, 2013, directing that the plaintiff settle an order granting the plaintiff's motion, among other things, for summary judgment on the complaint and for the appointment of a referee, and to transfer the case to the residential foreclosure part for a mandatory settlement conference pursuant to CPLR 3408.

Ordered that the appeal from so much of the order dated

May 6, 2014, as granted that branch of the motion of the defendant Leonard G. Grant which was, in effect, to vacate the decision dated November 4, 2013, is dismissed, as no appeal lies from an order granting a motion to vacate a decision (*see Delgado v Clark*, 307 AD2d 307 [2003]; *Dorizas v Island Insulation Corp.*, 254 AD2d 246 [1998]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Leonard G. Grant which was to transfer the case to the residential foreclosure part for a mandatory settlement conference pursuant to CPLR 3408; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of whether the defendant Leonard G. Grant is entitled to a mandatory foreclosure settlement conference pursuant to CPLR 3408, and for a new determination of that branch of the motion thereafter.

Under the circumstances of this case, the Supreme Court should not have granted that branch of the motion of the defendant Leonard G. Grant (hereinafter the defendant) which was to transfer the case to the residential foreclosure part for a mandatory settlement conference pursuant to CPLR 3408. "CPLR 3408 does not apply to every residential foreclosure action" (*Independence Bank v Valentine*, 113 AD3d 62, 66 [2013]). CPLR 3408 only mandates a settlement conference in a residential foreclosure action involving a "home loan" as that term is defined by RPAPL 1304, and when the "defendant is a resident of the property subject to foreclosure" (*see* CPLR 3408; *US Bank N.A. v Sarmiento*, 121 AD3d 187, 199-200 [2014]; *HSBC Bank USA v McKenna,* 37 Misc 3d 885, 895-896 [2012]).

RPAPL 1304 (5) (b) (i)-(iv) defines a qualifying home loan as one in which, inter alia, the borrower is a natural person; the borrower incurs the debt primarily for personal, family, or household purposes; and the loan is secured by a mortgage on real property in this state "used or occupied, or intended to be used or occupied wholly or partly, as the home or [the] residence of one or more persons and which is or will be occupied by the borrower as the borrower's principal dwelling" (*Independence Bank v Valentine*, 113 AD3d at 65 [internal quotation marks omitted]).

Here, the conflicting affidavits submitted by the parties reveal a sharp factual dispute, inter alia, as to whether the subject loan was made for the defendant's personal, family, or household use, and whether the mortgaged premises was to be occupied as the defendant's principal dwelling. In light of this

factual dispute, a hearing is necessary to determine whether the subject loan constitutes a "home loan" as that term is defined by RPAPL 1304, and thus whether the defendant is entitled to a mandatory settlement conference pursuant to CPLR 3408.

The plaintiff's remaining contentions are without merit.

Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the defendant is entitled to a mandatory foreclosure settlement conference pursuant to CPLR 3408, which requires, among other things, a determination as to whether the subject loan constitutes a "home loan" as that term is defined by RPAPL 1304, and thereafter, a new determination of that branch of the defendant's motion which was to transfer the case to the residential foreclosure part for a mandatory settlement conference pursuant to CPLR 3408. Eng, P.J., Hall, Cohen and Barros, JJ., concur.