Bank of N.Y. Mellon v Lee (2022 NY Slip Op 00392)





Bank of N.Y. Mellon v Lee


2022 NY Slip Op 00392


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2020-01308
 (Index No. 705681/18)

[*1]Bank of New York Mellon, etc., respondent,
v
Curtis Lee, etc., appellant, et al., defendants.


Felton & Associates, Brooklyn, NY (Regina Felton of counsel), for appellant.
McCalla Raymer Leibert Pierce, New York, NY (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Curtis Lee appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered January 21, 2020. The order and judgment of foreclosure of sale, upon an order of the same court entered January 30, 2019, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Curtis Lee and for an order of reference, and denying that defendant's cross motion, in effect, to vacate his default in appearing or answering the complaint and for leave to serve a late answer, and an order of the same court also entered January 30, 2019, granting the same relief to the plaintiff and referring the matter to a referee to compute the amount due to the plaintiff, inter alia, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In April 2018, the plaintiff commenced this action against the defendant Curtis Lee (hereinafter the defendant), among others, to foreclose a mortgage on residential property in Saint Albans. The defendant failed to appear or answer the complaint. In July 2018, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved, in effect, to vacate his default in appearing or answering the complaint and for leave to serve a late answer. In an order entered January 30, 2019, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. In another order entered January 30, 2019, the court granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff. Thereafter, the court issued an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendant appeals.
"On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default" (L & Z Masonry Corp. v Mose, 167 AD3d 728, 729; see CPLR 3215[f]; HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 960). "To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that [he or she] had a reasonable excuse for [his or her] delay and a potentially meritorious defense" (Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 785; see Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1195).
Here, the plaintiff met its burden by submitting evidence of service of the summons and complaint, evidence of the facts constituting the cause of action, and evidence of the defendant's default (see HSBC Bank USA, N.A. v Diallo, 190 AD3d at 960). In opposition, the defendant failed to show that there was no default, or that he had a reasonable excuse for his delay in answering and a potentially meritorious defense to the action (see Liberty County Mut. v Avenue I Med., P.C., 129 AD3d at 785).
The defendant asserted, as an excuse for his default, that he was waiting for notification of a mandatory settlement conference pursuant to CPLR 3408. However, under the statute, a mandatory settlement conference is available to "resident[s] of the property subject to foreclosure" (CPLR 3408[a]; see Richlew Real Estate Venture v Grant, 131 AD3d 1223, 1224), and the defendant admitted that he resides elsewhere. Since the defendant failed to establish a reasonable excuse for his default, it is unnecessary to consider whether he established the existence of a potentially meritorious defense, including lack of standing or failure to comply with RPAPL 1304 (see Bank of N.Y. Mellon v Daniels, 180 AD3d 738, 739; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027).
Contrary to the defendant's contention, his wife is not a necessary party to the action based on her status as his spouse, as she was not listed on the deed and was not a cosigner on the note or mortgage (see J.P. Morgan Chase Bank, N.A. v Coleman, 119 AD3d 841, 842; Norwest Bank Minn. v Pittman-Hudson, 15 AD3d 460, 461; State St. Bank & Trust Co. v Calandro, 243 AD2d 705, 705).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and properly denied the defendant's cross motion, in effect, to vacate his default in appearing or answering the complaint and for leave to serve a late answer.
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court