US Bank N.A. v Perez (2022 NY Slip Op 01834)





US Bank N.A. v Perez


2022 NY Slip Op 01834


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-05183 
2019-12694
 (Index No. 29012/10)

[*1]US Bank National Association, appellant,
v
Oscar Perez, respondent, et al., defendants.


Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.
Berg & David, PLLC, Brooklyn, NY (Sholom Wohlgelernter and Abraham David of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated March 7, 2019, and (2) an order of the same court dated July 11, 2019. The order dated March 7, 2019, insofar as appealed from, denied that branch of the plaintiff's motion which was for an order of reference, granted the cross motion of the defendant Oscar Perez pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him, and denied the plaintiff's cross motion to deem the motion, inter alia, for an order of reference to be deemed to be timely filed nunc pro tunc. The order dated July 11, 2019, denied the plaintiff's motion for leave to renew that branch of its prior motion which was for an order of reference, its cross motion, and its opposition to the cross motion of the defendant Oscar Perez.
ORDERED that the order dated March 7, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated July 11, 2019, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
In November 2010, the plaintiff commenced this action against the defendant Oscar Perez (hereinafter the defendant), among others, to foreclose a mortgage. The defendant failed to answer or appear.
In an order dated October 19, 2012, the Supreme Court directed the plaintiff to file a motion for an order of reference within 60 days or be subject to dismissal of the complaint. A status conference was held on November 30, 2012, and on December 19, 2013, the case was marked disposed.
By notice of motion dated June 27, 2018, the plaintiff moved, inter alia, for an order of reference. The defendant cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar [*2]as asserted against him. In response, the plaintiff cross-moved to deem its motion, among other things, for an order of reference to be deemed to be timely filed nunc pro tunc. In an order dated March 7, 2019, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for an order of reference, granted the defendant's cross motion, and denied the plaintiff's cross motion.
The plaintiff then moved for leave to renew that branch of its prior motion which was for an order of reference, its cross motion, and its opposition to the defendant's cross motion. In an order dated July 11, 2019, the Supreme Court denied the plaintiff's motion.
The plaintiff appeals from the orders dated March 7, 2019, and July 11, 2019.
CPLR 3215(c) provides that, "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims ([id.]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [internal quotation marks omitted]). "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if 'sufficient cause is shown why the complaint should not be dismissed'" (Giglio v NTIMP, Inc., 86 AD3d 301, 308, quoting CPLR 3215[c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d at 308). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1067, 1069).
Here, the plaintiff failed to take steps to initiate proceedings for the entry of a default judgment against the defendant within one year after his default in the action, as well as within the additional time set forth in the order dated October 19, 2012, and has set forth no reasonable excuse for said failure, either in its opposition to the defendant's cross motion or in support of its motion for leave to renew (see HSBC Bank USA, N.A. v Jessup, 194 AD3d 1026, 1026). Contrary to the plaintiff's contention, its vague, conclusory, and unsubstantiated assertions that its delay was attributable to compliance with administrative orders and a change in counsel were insufficient to excuse the substantial delay (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843; Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848, 849-850; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852; GMAC v Minewiser, 115 AD3d 707, 708).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for an order of reference, granted the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him, denied the plaintiff's cross motion to deem the motion, inter alia, for an order of reference to be deemed to be timely filed nunc pro tunc, and denied the plaintiff's motion for leave to renew.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court