Stark v Calvert Wright Architecture, P.C. (2023 NY Slip Op 02696)

Stark v Calvert Wright Architecture, P.C.

2023 NY Slip Op 02696

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2020-08872
 (Index No. 617480/18)

[*1]Robert Stark, et al., appellants, 
v
Calvert Wright Architecture, P.C., et al., defendants, Christopher Bland Builders, Inc., et al., respondents.

O'Sullivan & Zacchea, PLLC (Peter M. Zacchea and Rubin, Di Paola & Di Paola, New York, NY [Daniel A. Gili], of counsel), for appellants.
Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Robert G. Steinberg of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated October 14, 2020. The order denied the plaintiffs' motion for leave to enter a default judgment against the defendants Christopher J. Bland Builders, Inc., sued herein as Christopher Bland Builders, Inc., and Christopher Bland, and granted the cross-motion of those defendants pursuant to CPLR 3215(c) to dismiss as abandoned the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action in September 2018 against, among others, the defendant Christopher Bland and his construction company, the defendant Christopher J. Bland Builders, Inc., sued herein as Christopher Bland Builders, Inc. (hereinafter the construction company; hereinafter together the defendants), alleging that the defendants caused damage to the plaintiffs' house when they undertook renovation work at the house. The construction company was served on September 25, 2018, and failed to answer or appear. Bland was served pursuant to CPLR 308(2) on September 24, 2018, an affidavit of service upon Bland was filed with the Supreme Court on October 1, 2018, and Bland failed to answer or appear. Thus, as of October 25, 2018, the construction company was in default in the action, and Bland was in default as of November 10, 2018.
By notice of motion dated May 15, 2020, the plaintiffs moved for leave to enter a default judgment against the defendants. The defendants then cross-moved pursuant to CPLR 3215(c) to dismiss as abandoned the complaint insofar as asserted against them. In an order dated October 14, 2020, the Supreme Court denied the plaintiffs' motion and granted the defendants' cross-motion. The plaintiffs appeal. We affirm.
Where a plaintiff fails to take proceedings for the entry of a default judgment within one year after a defendant's default in appearing, "the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). "'This [*2]Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious'" (US Bank N.A. v Perez, 203 AD3d 988, 989, quoting Giglio v NTIMP, Inc., 86 AD3d 301, 308).
Here, it is undisputed that the plaintiffs failed to take proceedings for the entry of a default judgment within one year of the defendants' respective defaults in appearing in the action. Contrary to the plaintiffs' contention, they failed to provide a reasonable excuse for their delay in taking proceedings for the entry of a default judgment. "'[A]n excuse which matures after the expiration of the statutory limit for entering a default judgment with the Clerk is legally insufficient to justify a plaintiff's failure to enter the default judgment'" (US Bank N.A. v Davis, 196 AD3d 530, 534, quoting JBBNY, LLC v Begum, 156 AD3d 769, 772; see Ixis Real Estate Capital, Inc. v Herbst, 170 AD3d 691, 692).
Since the plaintiffs failed to set forth a reasonable excuse for their delay in taking steps to obtain a default judgment against the defendants, we need not reach the issue of whether the plaintiffs demonstrated that they have a potentially meritorious cause of action (see Wells Fargo Bank, N.A. v Jackson, 208 AD3d 613, 614; HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 868).
In light of our determination, we need not reach the defendants' remaining contentions.
Accordingly, the Supreme Court properly denied the plaintiffs' motion and granted the defendants' cross-motion.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court