U.S. Bank Trust, N.A. v Bank of Am., N.A. (2025 NY Slip Op 01256)

U.S. Bank Trust, N.A. v Bank of Am., N.A.

2025 NY Slip Op 01256

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2022-06123
 (Index No. 500021/15)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Bank of America, N.A., et al., defendants, 778 Logan, LLC, appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 778 Logan, LLC, appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated March 29, 2022. The order denied that defendant's motion to cancel or set aside a referee's deed dated January 25, 2018, and all subsequent instruments transferring or encumbering the subject property.
ORDERED that the order is affirmed, with costs.
In January 2015, JPMorgan Chase Bank, National Association (hereinafter Chase), commenced this action against the defendant 778 Logan, LLC (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant interposed an answer. Thereafter, Chase assigned the mortgage to U.S. Bank Trust, N.A. (hereinafter U.S. Bank Trust). In an order dated January 3, 2017, the Supreme Court granted Chase's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, for an order of reference, and to amend the caption to substitute U.S. Bank Trust as the plaintiff. In an order and judgment of foreclosure and sale dated November 1, 2017, the court granted U.S. Bank Trust's motion, in effect, to confirm the referee's report and for a judgment of foreclosure and sale and directed the sale of the property. The defendant appealed from the order and judgment of foreclosure and sale.
While the appeal was pending, a foreclosure sale was held, after which the referee, by referee's deed dated January 25, 2018, conveyed the property to U.S. Bank Trust, the highest bidder at the sale. By deed dated February 15, 2019, U.S. Bank Trust conveyed the property to Bronx H, LLC (hereinafter Bronx H). Shortly thereafter, Bronx H gave a mortgage on the property to Wisdom Ventures, LLC (hereinafter Wisdom), which then assigned the mortgage to Webster Business Credit Corporation (hereinafter Webster). Bronx H also gave a second mortgage on the property to Wisdom, and Wisdom also assigned that mortgage to Webster. Thereafter, by deed dated July 17, 2019, Bronx H conveyed the property to Sherifat Spencer, Alui A. Makanjuola, and Rasheedat Muse-Kosoko, who executed a mortgage on the property in favor of Nationwide Mortgage Bankers, Inc.
In a decision and order dated January 12, 2022, this Court reversed the order and judgment of foreclosure and sale (see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d 769). In February 2022, the defendant moved to cancel or set aside the referee's deed dated January 25, 2018, and all subsequent instruments transferring or encumbering the property, arguing that the order and judgment of foreclosure and sale had been reversed and, therefore, the referee lacked authority to sell the property. U.S. Bank Trust opposed the motion. In an order dated March 29, 2022, the Supreme Court denied the motion. The defendant appeals.
The defendant failed to serve the motion papers on the mortgagees who took or were assigned mortgages on the property after the foreclosure sale and, thus, were indispensable parties to the defendant's motion to cancel or set aside the referee's deed and the subsequent deeds and mortgages (see Citicorp Mtge. v Ronkon, 289 AD2d 438, 438; Home Fed. Sav. Bank v Versace, 272 AD2d 576, 577; Federal Natl. Mtge. Assn. v New York Fin. & Mtge. Co., 222 AD2d 647, 648; Vanderbilt Realty Corp. v Gordon, 134 AD2d 586, 586). Therefore, the defendant's motion was properly denied (see Citicorp Mtge. v Ronkon, 289 AD2d at 438; Home Fed. Sav. Bank v Versace, 272 AD2d at 577).
Moreover, although, when a judgment of foreclosure and sale is reversed on appeal, the successful appellant may seek restitution of property lost by the judgment (see CPLR 5015[d]; 5523), where, as here, the property was sold pursuant to the judgment of foreclosure and sale, and the title is held by "a purchaser in good faith and for value," recovery is limited to the value of the property (id. § 5523). In the absence of a stay of the sale or an outstanding notice of pendency, title of the purchaser in good faith and for value "is . . . insulate[d] . . . from the effects of an appellate reversal" (Da Silva v Musso, 76 NY2d 436, 441; see Iovino v Deutsche Bank Natl. Trust Co., 217 AD3d 848, 850; Singh v Ahamad, 154 AD3d 683, 684).
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court