Green Tree Servicing, LLC v Jean (2025 NY Slip Op 06997)

Green Tree Servicing, LLC v Jean

2025 NY Slip Op 06997

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-02287
 (Index No. 15098/13)

[*1]Green Tree Servicing, LLC, appellant, 
v
Nancy Jean, et al., defendants; Roy Cooper, intervenor-respondent.

Hinshaw & Culbertson LLP, New York, NY (Margaret J. Cascino and Alexandria A. Kaminski of counsel), for appellant.
Terrence Christian Scheurer, P.C., Carle Place, NY, for intervenor-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered January 11, 2023. The order denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate so much of an order and judgment (one paper) of the same court entered March 7, 2022, as, after a hearing to determine the validity of service of process upon the defendant Nancy Jean, and upon dismissing the complaint insofar as asserted against the defendant Nancy Jean for lack of personal jurisdiction, dismissed the complaint insofar as asserted against the remaining defendants.
ORDERED that the order is affirmed, with costs.
In 2013, the plaintiff commenced this action against the defendant Nancy Jean, among others, to foreclose a mortgage on certain real property located in Valley Stream (hereinafter the property). After Jean failed to appear or answer the complaint, the plaintiff obtained an order of reference, and in September 2016, a judgment of foreclosure and sale was entered, inter alia, directing the sale of the subject property. However, in the interim, allegedly unbeknownst to the plaintiff, Jean had died in January 2015, and her spouse, Roy Cooper, was appointed as voluntary administrator of her estate.
In 2017, Cooper moved, inter alia, to vacate the judgment of foreclosure and sale, for leave to file a late answer, and to dismiss the complaint on various grounds. By order dated November 30, 2017, the Supreme Court denied the motion, holding that Cooper failed to demonstrate a reasonable excuse and meritorious defense to the action, and, in any event, did not seek leave to intervene in the action pursuant to CPLR 1012 or 1013. A foreclosure sale was held on June 26, 2018, and the property was sold to a third party. Thereafter, Cooper moved, inter alia, for leave to intervene in the action, to dismiss the complaint for lack of personal jurisdiction over Jean, to vacate the judgment of foreclosure and sale, and to vacate and set aside the sale of the property. The plaintiff opposed the motion. In an order dated December 14, 2018, the court granted that branch of Cooper's motion which was for leave to intervene in the action and referred the matter to a judicial hearing officer for a hearing as to whether service was properly effected upon Jean prior to her death. By order and judgment entered March 7, 2022, after the hearing and a determination [*2]that personal jurisdiction was not obtained over Jean, the court vacated and set aside the foreclosure sale and the referee's deed to the plaintiff, dismissed the complaint in its entirety, and cancelled the notice of pendency.
The plaintiff subsequently moved pursuant to CPLR 5015(a) to vacate so much of the order and judgment as dismissed the complaint insofar as asserted against all defendants except Jean, contending that the Supreme Court should only have dismissed the complaint insofar as asserted against Jean and not insofar as asserted against the remaining defendants. Cooper opposed the motion. In an order entered January 11, 2023, the court denied the motion. The plaintiff appeals.
As a fee owner of the property and mortgagor, Jean was an indispensable party to this foreclosure action (see 2 Bergman on New York Mortgage Foreclosures § 12.09, citing Bancplus Mtge. Corp. v Galloway, 203 AD2d 222; Home Fed. Sav. Bank v Versace, 272 AD2d 576, 577; Dime Sav. Bank of N.Y. v Johneas, 172 AD2d 1082, 1083). The absence of an indispensable party mandates dismissal of the action, and the plaintiff cannot maintain the action as against the other defendants (see Glass v Estate of Gold, 48 AD3d 746, 746-747; Marine Midland Bank v Freedom Rd. Realty Assoc., 203 AD2d 538, 539; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 406). Therefore, contrary to the plaintiff's contention, once the complaint was dismissed insofar as asserted against Jean, the plaintiff could not continue the action against the remaining defendants (see RPAPL 1311[1]; CPLR 1001, 1003; LaSalle Bank, N.A. v Benjamin, 164 AD3d 1223; see also MTGLQ Invs., L.P. v Shay, 190 AD3d 527). Accordingly, the Supreme Court properly denied the plaintiff's motion.
The plaintiff's remaining contentions are not properly before this Court.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court