U.S. Bank Trust N.A. v Valle (2026 NY Slip Op 01550)

U.S. Bank Trust N.A. v Valle

2026 NY Slip Op 01550

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2023-03475 
2023-03476
2023-11460
 (Index No. 610366/21)

[*1]U.S. Bank Trust National Association, etc., respondent,
vWaldo Valle, etc., appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Waldo Valle appeals from (1) an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated March 14, 2023, (2) an order of the same court dated March 21, 2023, and (3) an order and judgment of foreclosure and sale (one paper) of the same court entered October 17, 2023. The order dated March 14, 2023, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Waldo Valle and for an order of reference and denied that branch of that defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The order dated March 21, 2023, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, inter alia, upon an order of the same court (John H. Rouse, J.) dated February 1, 2022, denying the motion of the defendant Waldo Valle to deem his answer to be timely filed or, in the alternative, pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer, and upon the orders dated March 14, 2023, and March 21, 2023, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders dated March 14, 2023, and March 21, 2023, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Waldo Valle and for an order of reference are denied, that branch of that defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted, and the orders dated March 14, 2023, and March 21, 2023, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Waldo Valle.
In June 2021, the plaintiff commenced this action to foreclose a mortgage against the [*2]defendant Waldo Valle (hereinafter the defendant), among others. On June 15, 2021, the plaintiff filed an affidavit of service attesting that the defendant was served with process pursuant to CPLR 308(4). As such, the defendant was required to answer the complaint by Monday, July 26, 2021 (see CPLR 320[a]; General Construction Law § 25-a). In October 2021, the defendant filed an answer with counterclaims, and the plaintiff rejected the answer as late. The defendant moved to deem his answer to be timely filed or, in the alternative, pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer. By order dated February 1, 2022, the Supreme Court denied the defendant's motion.
In February 2023, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. By order dated March 14, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross-motion. By order dated March 21, 2023, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. By order and judgment of foreclosure and sale entered on October 17, 2023, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendant appeals from the orders dated March 14, 2023, and March 21, 2023, and from the order and judgment of foreclosure and sale.
The appeals from the orders dated March 14, 2023, and March 21, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from these orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248). The appeal from the order and judgment of foreclosure and sale also brings up for review the order dated February 1, 2022 (see CPLR 5501[a][1]; U.S. Bank Trust N.A. v Valle, ____ AD3d ____ [Appellate Division Docket No. 2022-01577; decided herewith]).
The Supreme Court properly denied the defendant's motion to deem his answer to be timely filed or, in the alternative, pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer. The defendant's efforts to avail himself of the procedures set forth in CPLR 3408 did not constitute a reasonable excuse for his default, as those procedures are available only to "resident[s] of the property subject to foreclosure" (CPLR 3408[a][1]), and the defendant admitted that he no longer resided at the mortgaged property (see Bank of N.Y. Mellon v Lee, 201 AD3d 852, 853; see also Real Time Resolutions, Inc. v Chandler, 239 AD3d 905; Richlew Real Estate Venture v Grant, 131 AD3d 1223, 1224). Since the defendant failed to establish a reasonable excuse, the Court need not consider whether he had a meritorious defense (see Austin 26 Dental Group, PLLC v Sino Northeast Metals (U.S.A.), Inc., 230 AD3d 545, 547; Bank of N.Y. Mellon v Lee, 201 AD3d at 853).
However, the Supreme Court erred in denying that branch of the defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (see Deutsche Bank Natl. Trust Co. v Singh, 236 AD3d 859, 860). This statute is strictly construed, as the language is not discretionary, but mandatory, requiring that courts dismiss causes of action for which default judgments are not sought within the requisite one-year period, as those claims are deemed abandoned (see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 874; HSBC Bank USA, N.A. v Cross, 205 AD3d 779, 781). "'The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if sufficient cause is shown why the complaint should not be dismissed'" (Deutsche Bank Natl. Trust Co. v Singh, 236 AD3d at 860-861, quoting Bank of N.Y. v Pieloch, 217 AD3d 647, 648-649). This requires "both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (id. at 861; see U.S. Bank [*3]N.A. v 63 Holiday Dr. Realty Corp., 230 AD3d 713, 714). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the Supreme Court" (Deutsche Bank Natl. Trust Co. v Singh, 236 AD3d at 861; see US Bank N.A. v Perez, 203 AD3d 988, 989).
Here, the plaintiff failed to initiate any proceedings toward obtaining a judgment against the defendant within one year of the defendant's default in July 2021 and failed to establish sufficient cause for its delay in moving for leave to enter a default judgment (see Wilmington Sav. Fund Socy., FSB v Nifenecker, 236 AD3d 971, 975; Giglio v NTIMP, Inc., 86 AD3d 301, 307). Contrary to the plaintiff's contention, the plaintiff's rejection of the defendant's answer and its opposition to the defendant's motion pursuant to CPLR 3012(d) did not constitute steps to initiate proceedings for a default judgment and did not constitute a reasonable excuse for the plaintiff's failure to take timely steps to obtain a default judgment (see Wilmington Sav. Fund Socy., FSB v Nifenecker, 236 AD3d at 975; see also Shields v Cohen, 222 AD3d 1019, 1021; Wells Fargo Bank, N.A. v Jackson, 208 AD3d 613, 614). The plaintiff failed to demonstrate how opposing the defendant's motion "'hindered [the plaintiff] from timely taking any steps to initiate proceedings for the entry of a default judgment'" (Wilmington Sav. Fund Socy., FSB v Nifenecker, 236 AD3d at 975, quoting Wells Fargo Bank, N.A. v Jackson, 208 AD3d at 614).
Since the plaintiff has proffered no reasonable excuse for its delay in proceeding toward obtaining a judgment, whether the plaintiff has a potentially meritorious cause of action need not be considered (see Chase Home Fin., LLC v Morris, 235 AD3d 827, 829).
Accordingly, we reverse the order and judgment of foreclosure and sale, deny those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and grant that branch of the defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court